RECEIVED

NOV - 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| ARMARD NARRINGTON (Register Number: 60635-019) | DOCKET NO. 15-CV-1830; SEC. P |
| VERSUS | JUDGE DRELL |
| R. Perry, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Armard Narrington filed the instant civil rights complaint in forma pauperis and pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Plaintiff complains that he was subjected to excessive force by Officer Perry.  He names as defendants Officer Perry, Assistant Warden Gene Beasley, Counselor A. Watson, and J. Colton.

### *Factual Allegations*

Plaintiff alleged that on June 7, 2014, he was instructed by Defendant R. Perry to submit to hand restraints behind his back. Plaintiff states that he complied.  Perry intentionally over-tightened the handcuffs, causing Plaintiff pain. Plaintiff claims that Perry then violently yanked Plaintiff sideways and swept

---

[1]In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

Plaintiff's feet out from under him. [Doc. #8, p.3] Plaintiff claims that Perry slammed him to the concrete floor face-first. Perry then drove his knee into Plaintiff's lower back causing additional pain.

Plaintiff was placed in the special housing unit while an investigation was conducted. He contends that it was determined that Plaintiff had not violated any rules, and Plaintiff was released from the SHU on June 17, 2014. [Doc. #8, p.5]

Plaintiff alleges that he was informed on June 18, 2014, by Case Manager Scion, that no incident reports had been written regarding the incident of June 7, 2014. [Doc. #8, p.5]

Also on June 18, 2014, Plaintiff requested an administrative remedy form BP-8, which he completed and submitted that same day. [Doc. #8, p.5] On June 21, 2014, an incident report was written by Defendant Perry regarding the June 7, 2014, incident. Plaintiff did not receive a copy of the report until June 23, 2014. Defendants A. Watson and J. Colton referred the incident report to the Disciplinary Hearing Officer. [Doc. #8, p.5]

On June 26, 2014, Plaintiff was returned to the special housing unit following his disciplinary conviction. Plaintiff maintains that this was for no reason other than retaliation for filing a grievance against Defendant Perry. [Doc. #8, p.6-7]

Plaintiff claims that Defendant Beasley acted with deliberate indifference by allowing Defendant Perry to use excessive force

through Beasley's failure to discipline or sanction Perry for previous incidents when he employed excessive force against inmates.

### Law and Analysis

First, Plaintiff's only claim against Defendants A. Watson and J. Colton is that they referred the incident report against Plaintiff to the Disciplinary Hearing Officer. [Doc. #8, p.5] It is unclear the nature of the claim Plaintiff wishes to pursue against these individuals. Regardless, Plaintiff has not alleged the violation of a constitutional right against Watson and Colton.

Plaintiff's claim against Defendant Beasley is that he "allowed" the excessive force to happen by failing to discipline or sanction Perry for previous incidents when he employed excessive force against inmates. To the extent that Plaintiff seeks to hold Beasley liable as a supervisor, his claim fails. Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff has alleged neither as to Beasley. Rather, he alleges that Beasley neglected to adequately reprimand Perry.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or

safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). To "know of" a risk, an official must be subjectively aware of the risk to Plaintiff: that is, the official must both be aware of facts from which the inference could be drawn that Petitioner faces a substantial risk of serious harm, and he must also draw the inference. <u>Farmer</u>, 511 U.S. at 837; <u>see also</u> <u>Adames v. Perez</u>, 331 F.3d 508, 512 (5th Cir. 2003). Plaintiff has presented no allegations that Beasley knew that Perry posed any specific harm to Plaintiff. Plaintiff has not alleged deliberate indifference as to Beasley.

Service of process will be ordered as to Plaintiff's claims against Defendant Perry.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against all defendants be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A, *except for Plaintiff's claims against Defendant R. Perry.*

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being**

served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 2nd day of November, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE